# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| AVELO MORTGAGE, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:08-CV-2227-RWS |
| JOYCE BRISSETT, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This case is before the Court for consideration of Plaintiff's Motion to

Remand [7].  After reviewing the record, the Court enters the following Order.

On February 21, 2008, Avelo Mortgage, LLC ("Avelo") filed a

dispossessory action in the State Court of DeKalb County against "Joyce

Brissett or Occupants."  The Complaint was served by "Tack and Mail" on

February 25, 2008.  On February 29, 2008, Lisa Brissett filed an answer in the

State Court of DeKalb County.  On March 7, 2008, Alliance Property

Management Group, LLC ("Alliance") filed a "Petition for Removal and

Answer with Supplemental of Jurisdiction" and a "Notice of Removal and

Federal Stay Pursuant to 28 U.S.C. § 1446(D) and 28 U.S.C.A. § 1452 With

Supplemental of Jurisdiction" purporting to remove the dispossessory action to

this Court. Both of those documents were signed by Angela Pacley Mitchell on

behalf of Alliance appearing *pro se*. On March 7, 2008, Alliance filed an

Affidavit in Support of Request to Proceed *in Forma Pauperis.* By Order [4]

entered May 29, 2008, Defendants' request to proceed *in forma pauperis* was

denied. Defendants were ordered to file the required filing fee within ten (10)

days of receipt of the Order or the action would not be permitted to be filed. On

June 17, 2008, Lisa Brissett filed a Motion for Extension of Time to Pay Filing

Fee [5]. On June 26, 2008, an Order [6] was entered granting Defendants an

extension of ten (10) days from the date of the Order within which to pay the

required filing fee. On July 9, 2008, the filing fee was paid. On July 17, 2008,

Avelo filed the Motion to Remand [7] that is presently before the Court for

consideration. Defendants filed no response.

Avelo asserts that this Court lacks subject matter jurisdiction over the

case and seeks remand to the State Court of DeKalb County. Unless Congress

explicitly provides otherwise, a defendant may remove to federal court a civil

action brought in state court, provided that the federal court has original

jurisdiction over the action. 28 U.S.C. § 1441(a)-(b). Original

jurisdiction may be based on a federal question or on diversity of citizenship.

AO 72A
(Rev.8/8
2)

Id. §§ 1331-1332; see also id. § 1343 (specifying original jurisdiction in certain civil rights cases).

First, Defendants, as residents of Georgia, may not properly remove this action from state court. 28 U.S.C. § 1441(b)("Any other action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996) (when a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought); Suggs v. Bhd. of Locomotive Firemen , 219 F. Supp. 770, 772 (D.C. Ga. 1960) (same). Therefore, Defendants may not remove this case based on diversity of citizenship.

Since Defendants may not remove this case based on diversity of citizenship, removal must be based on the presence of a federal question. Under 28 U.S.C. § 1331 the court is vested with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Additionally, 28 U.S.C. § 1343 specifies that certain civil rights

3

AO 72A
(Rev.8/8
2)

provisions are within original jurisdiction. <u>See</u> <u>N.W. Healthcare, LP v. Sullivan</u>, 793 F. Supp. 724, 727 n.2 (W.D. Tex. 1992) (Section 1343 "is simply a more specific subset of the general federal question jurisdiction set out in Section 1331.")

First, the Court notes that Defendants' petition for removal states no authority for the removal of this action to federal court. In the Petition, Defendants mention the U.C.C. (Petition [3] at ¶ 1) and 12 U.S.C. § § 3758 and 3765 (<u>Id.</u> at ¶ 3). However, the " 'well-pleaded complaint rule' provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). As a result, when the plaintiff does not raise a federal question in his or her complaint, "it is no substitute that the defendant is almost certain to raise a federal defense." <u>Pan Am. Petroleum Corp. v. Superior Court of Delaware</u>, 366 U.S. 656, 663, 81 S. Ct. 1303, 1307, 6 L. Ed. 2d 584 (1961). Indeed, "an anticipated or even inevitable federal defense generally will not support removal based upon federal question jurisdiction." <u>Caterpillar</u>, 482 U.S. at 392-93.

The Court cannot exercise § 1441 removal jurisdiction here because Avelo's complaint in the dispossessory action does not raise a federal

4

question. Even if Defendants' petition is read to state a federal question in their defense, these issues will not support removal because they were not raised as part of Avelo's complaint.

Based on the foregoing, Avelo's Motion to Remand [7] is hereby **GRANTED**. The Clerk is **DIRECTED** to remand this case to the State Court of DeKalb County.

**SO ORDERED**, this __18th__ day of August, 2008.

_Richard W. Story_

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/8
2)